**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Timothy Jay KING, Defendant–
Appellant.**

**No. 10–10668.**

United States Court of Appeals,
Fifth Circuit.

Jan. 6, 2011.

Nancy E. Larson, Assistant U.S. Attorney, U.S. Attorney's Office, Northern District of Texas, Fort Worth, TX, for Plaintiff–Appellee.

---

758

William Reynolds Biggs, Assistant Federal Public Defender, Federal Public Defender's Office, Northern District of Texas, Dallas, TX, Bonita L. Gunden, Assistant Federal Public Defender, Federal Public Defender's Office, Amarillo, TX, for Defendant–Appellant.

Before KING, STEWART, and OWEN, Circuit Judges.

PER CURIAM: *

The issue raised in this case is whether Defendant–Appellant Timothy King was sentenced to a term of revocation imprisonment in excess of the amount authorized by 18 U.S.C. § 3583(e)(3). The district court sentenced King to 24 months' imprisonment upon revoking his second term of supervised release. King argues that his sentence exceeded the amount of revocation imprisonment authorized by § 3583(e)(3) because that subsection caps the aggregate amount of revocation imprisonment for his offense at the amount of supervised release authorized by § 3583(b) for the same offense, which is three years for his Class D felony. He argues that, because he had already served 24 months' imprisonment on a prior revocation of his supervised release, the district court could not sentence him to more than 12 months' imprisonment when it revoked his supervised release in this instance.

We addressed this precise issue in *United States v. Hampton*, 633 F.3d 334 (5th Cir.2011). In *Hampton*, we held that the amount of supervised release authorized for an offense by § 3583(b) does not cap the aggregate amount of revocation im-

prisonment authorized by § 3583(e)(3) for the same offense. *Id.* at 338. When King violated the terms of his second supervised release, § 3583(e)(3) authorized the district court to sentence him to a maximum of two years' imprisonment as a revocation sentence, without reference to the amount of revocation imprisonment he had previously served. *See id.* Accordingly, the district court's judgment revoking King's supervised release and sentencing him to 24 months' imprisonment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.